FILED

1

VENABLE LLP
Douglas C. Emhoff (Cal. Bar No. 151049)
Jeffrey M. Tanzer (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
E-mail: demhoff@venable.com
E-mail: jtanzer@venable.com

2009 JUL -2 PM 1:33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Defendant
Merck & Co., Inc.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

JUDY BENES,
                 Plaintiff,

vs.

MERCK & CO., INC., and DOES 1
through 100, inclusive,

                 Defendants.

CASE NO.: CV09-04786 CAS (RZx)

DEFENDANT MERCK & CO.,
INC.'S NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C.
§ 1441(b)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Merck & Co., Inc. ("Merck") hereby removes this action pursuant to 28 U.S.C. § 1441 from the Superior Court for the State of California for the County of Los Angeles to the United States District Court for the Central District of California, and respectfully states to the Court the following:

**THE FOSAMAX® MULTIDISTRICT LITIGATION**

1.    This action involves allegations regarding the prescription medication FOSAMAX® ("Fosamax"). On August 16, 2006, the Judicial Panel on Multidistrict

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

Litigation ("MDL Panel") issued an order transferring 18 Fosamax products liability cases to the United States District Court for the Southern District of New York (Keenan, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Fosamax Products Liability Litigation,* MDL No. 1789.  Processes for quickly sending additional related cases to Judge Keenan have been set in place.  As of this date, the MDL Panel has issued 70 Conditional Transfer Orders requiring the transfer of an additional 169 actions to MDL 1789, where a total of 734 cases are now pending, including both the transferred cases and cases filed directly in the transferee court. Merck will seek the transfer of this action to MDL-1789, and will in the next week provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

### GROUNDS FOR REMOVAL

2.      On or about June 17, 2009, Plaintiff Judy Benes commenced this action entitled *Benes  v. Merck & Co., Inc., et al.,* Case Number SC103593, against Merck in the Superior Court for the State of California for the County of Los Angeles.

3.      For the reasons set forth in more detail below, this Court should assume jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## I.      MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.      Plaintiff filed her Complaint in the Superior Court for the State of California for the County of Los Angeles on or about June 17, 2009.  Merck has not yet been served with the Complaint.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within 30 days of the filing of the Complaint.

5.      No further proceedings have been had in this action.

6.   Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1446(a). Therefore, this action is properly removed to the Central District of California pursuant to 28 U.S.C. § 84.

7.   The Complaint includes fictitious defendants who are ignored for removal purposes. 28 U.S.C. § 1441(a). Merck is the only non-fictitious defendant in this action. Hence, all properly joined and served defendants join in this removal.

8.   No previous application has been made for the relief requested herein.

9.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Merck, which include the Summons and Complaint, are attached hereto at Exhibit A.

10.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

11.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds this Court's minimum jurisdictional limit, exclusive of costs and interest, and is between citizens of different states.

### A.   The Amount In Controversy Requirement Is Satisfied.

12.   It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of this Court's minimum $75,000 jurisdictional limit, exclusive of costs and interest.

13.   Plaintiff alleges that she developed osteonecrosis of the jaw as a result of her use of Fosamax. (Complaint ¶ 14.) She further asserts, as a result of her use of Fosamax, to have suffered "severe and permanent physical and medical injuries and

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

3

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

associated disabilities," "severe past and future pain and suffering, "severe past and future mental anguish," "loss of enjoyment of life," and an "increased risk of health problems." (Complaint ¶ 15)  Plaintiff avers that she suffered these injuries because Fosamax is "not of merchantable quality or safe and fit for its intended use in that it cause[s] adverse side effects, including osteonecrosis of the jaw.' *id.* ¶¶ 37, 42.

14.   As a result of these alleged losses, Plaintiff claims to need "past and future medical care and monitoring," *id.* at ¶ 15; payment of her medical, health care, and incidental expenses; and seeks compensatory and punitive damages based on a number of legal theories.  Complaint ¶ 4 & Prayer for Relief.

15.   While there is not a record of prior cases that specifically involve osteonecrosis of the jaw – a fact which may be attributable to the fact that osteonecrosis of the jaw is a rare disorder and cases alleging liability against pharmaceutical manufacturers for allegedly causing the same had, prior to very recently, been non-existent – there are:

- numerous reported cases in which jaw or similar facial injury led to jury or court awards far in excess of $75,000. *See, e.g., Howie v. Walsh*, 609 S.E.2d 249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who fractured patient's jaw during procedure); *Becker v. Woods*, 806 N.Y.S.2d 704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where dental patient suffered from permanent paresthesia); *Preston v. Dupont*, 35 P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. App.), *writ. denied*, 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for nerve damage in jaw was an amount that exceeded $175,000); *Becker v. Halliday*, 554 N.W. 2d 67 (Mich. App. 1996) (jury award of $200,000 in damages, where syringe lodged in upper jaw); *Herpin v. Witherspoon*, 664 So.2d 515 (La. App. 1995) (plaintiff entitled to receive

more than $75,000 as a result of temporomandibular joint (TMJ) dysfunction);
*Washburn v. Holbrook*, 806 P.2d 702 (Or. App. 1991) (affirming jury finding
of $400,000 in damages as a result of damage to jaw during root canal); and

- numerous prior cases that reveal that potential awards based on osteonecrosis
  or avascular necrosis of the hip, knee, or other joint, exceed the $75,000
  jurisdictional amount. *See, e.g., Barbee v. United States*, 2005 W.L. 3336504,
  at *1-2 (W.D. Wis. 2006) (finding that plaintiff suffered nearly $700,000 in
  damages for hip injuries that included avascular necrosis); *Shaver v. United
  States*, 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in
  damages for osteonecrosis in knee caused by automobile accident); *Piselli v.
  75th Street Medical*, 808 A.2d 508 (Md. 2002) (addressing jury award of
  $410,000 for medical malpractice that led to avascular necrosis of the hip);
  *Collier v. Cawthon*, 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of
  $170,000 for avascular necrosis of the hip).

16.    The Plaintiff's claims of permanent jaw injuries as a result of
osteonecrosis, and the compensatory damages that she seeks, thus far exceed this
Court's minimum $75,000 jurisdictional limit.

**B.    There Is Complete Diversity Between The Parties.**

17.    According to the Complaint, Plaintiff was at the time of the filing of the
Complaint and is now a citizen of California.  (Complaint ¶ 1.)

18.    Merck is now, and was at the time Plaintiff commenced this action, a
corporation organized under the laws of the State of New Jersey with its principal place
of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of
determining diversity. 28 U.S.C. § 1332(c)(1). (*See also* Complaint ¶ 3.)  The fictitious
"Doe" defendants are disregarded for purposes of determining diversity jurisdiction.  28
U.S.C. § 1441(a).

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

19.     Hence, there is complete diversity between the parties, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

20.     In addition, no defendant is a citizen of the state in which this action was brought.  Under the clear language of 28 U.S.C. § 1441(b), this action is properly removed to this Court by Merck.

WHEREFORE, Defendant Merck respectfully removes this action from the Superior Court for the State of California for the County of Los Angeles to this Court pursuant to 28 U.S.C. § 1441.

Dated:  July 2, 2009

VENABLE LLP
DOUGLAS C. EMHOFF
JEFFREY M. TANZER

By: _____
Jeffrey M. Tanzer
Attorneys for Defendant
Merck & Co., Inc.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

*EXHIBIT "A"*

William E. Johnson, Esq. - State Bar No.132410
**LAW OFFICES OF WILLIAM E. JOHNSON**
12400 Wilshire Boulevard, Suite 400
Los Angeles, Ca. 90025
Telephone: (310) 207-6644
Facsimile: (310) 207-6645

Attorneys for the Plaintiff,
**JUDY BENES**

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 1 7 2009

JOHN A. CLARKE, CLERK

BY J. DENHAM, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

JUDY BENES,

                Plaintiff,

vs.

MERCK & CO., INC., and DOES 1
through 100, inclusive,

                Defendants.

CASE NUMBER: **SC103593**

**COMPLAINT FOR: TERRY B. FRIEDMAN**

1. Strict Product Liability
   Design Defect
2. Strict Product Liability
   Failure to Warn
3. Negligence
4. Breach of Express Warranty
5. Breach of Implied Warranty

**Demand for Jury Trial**

Trail Date: None yet
**CASE MANAGEMENT CONFERENCE**
OCT 0 5 2009   8:45 am Dept: J

COMES NOW Plaintiff, JUDY BENES, by and through her attorneys of record, who complains against the Defendants, and each of them, as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

    1.    At all times relevant hereto, Plaintiff, JUDY BENES, was a resident of the City of Beverly Hills, County of Los Angeles, State of California

    2.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does

1

**COMPLAINT FOR STRICT PRODUCT LIABILITY;
NEGLIGENCE; BREACH OF WARRANTY**

1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.  Defendants designated herein as a Doe are at fault, liable and tortiously and legally responsible in some manner for the events and happenings refereed to herein, and negligently and tortiously caused injury and damages proximately thereby to Plaintiff as herein alleged.

3.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto Defendant, MERCK & CO., INC., and DOE 3 and DOE 4, was and is a New Jersey corporation conducting business in the State of California.

4.    That at all times relevant hereto, Defendants and each of them, were the agents, servants, and employees, assistants and consultants of their co-defendants and were, as such, acting within the course and scope of and authority of said agency, service and employment, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, assistant, consultant, or hospital staff member.

### FACTUAL BACKGROUND

5.    Defendant designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

6.    Fosamax is the brand name of alendronate sodium, which is in a class of prescription drugs called bisphosphonates.  Fosamax is taken orally.

7.    Fosamax was approved by the United States Food And Drug

2

Administration for treatment of osteoporosis.

8.   The product literature prepared by Merck and circulated to physicians for use in prescribing the drug contained no warning about osteonecrosis of the jaw or other bone structure.

9.   In 2002 or before, Defendant knew of should nave known that a physician reported that several of his patients who were given Aredia, another bisphosphonate, were diagnosed with osteonecrosis of the jaw and that the physician believed a causal relationship existed between the use of bisphosphonates and osteonecrosis of the jaw.

10.   Another group of physicians published a report about patients being diagnosed with osteonecrosis of the jaw after being given Aredia and Zometa, also a bisphosphonate.  The report said, "the jaw complications presented in this review have had a major negative effect on the quality of daily life for each of these patients" and determined that "bisphosphonates may be at lest partially responsible." Ruggiero, et al., "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates: A Review of 63 Cases," Journal of Oral and Maxillofacial Surgery, vol. 62, p. 533 (2004).

11.   In September 2004 and May 2005, another manufacturer sent warnings to physicians regarding the risk of osteonecrosis of the jaw with the use of its bisphosphonates, Aredia and Zometa.

12.   Defendant never issued any warnings or changed its product literature to warn of the risk of osteonecrosis of the jaw.

13.   Plaintiff, JUDY BENES, was prescribed and took Fosamax.

14.   As a result of taking Fosamax, Plaintiff developed osteonecrosis of the jaw.

15.   As a result of taking Fosamax Plaintiff suffered compensable injuries, including but not limited to the following:

3

**COMPLAINT FOR STRICT PRODUCT LIABILITY;**
**NEGLIGENCE; BREACH OF WARRANTY**

a.   severe and permanent physical and medical injuries and associated disabilities;

b.   severe past and future pain and suffering;

c.   severe past and future mental anguish;

d.   loss of enjoyment of life;

e.   increased risk of health problems; and

f.   past and future medical care and monitoring.

### FIRST CAUSE OF ACTION

### [Strict Product Liability-Design Defect]

16.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 15 of the Complaint as if they were set forth here in full.

17.   Defendants designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

18.   Fosamax as designed, manufactured and sold by Defendants was defective in design or formulation in that it was unreasonably dangerous.

19.   Fosamax as designed, manufactured and sold by Defendants was defective in design or formulation in that its foreseeable risks exceeded the benefits associated with the design or formulation.

20.   Fosamax as designed, manufactured and sold by Defendants was defective due to inadequate warnings because Defendants knew or should have known that the product created a risk of harm to consumers.

21.   Fosamax as designed, manufactured and sold by Defendants was defective due to inadequate testing.

22.   As the proximate cause and result of the defective

4

condition of Fosamax as designed, manufactured and sold by Defendants, Plaintiff was injured.

## SECOND CAUSE OF ACTION

### [Strict Product Liability-Failure to Warn]

23.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 22 of the Complaint as if they were set forth here in full.

24.   Defendants designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

25.   Fosamax as designed, manufactured and sold by Defendants was not accompanied by proper warnings regarding possible adverse side effects.

26.   Defendants knew or should have known about the possible adverse side effects of Fosamax, including osteonecrosis of the jaw.

27.   As the proximate cause and result of Defendants' failure to properly warn physicians and consumers, Plaintiff was injured.

## THIRD CAUSE OF ACTION

### [NEGLIGENCE]

28.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 27 of the Complaint as if they were set forth here in full.

29.   Defendants designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

30.   Defendants had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax, including a duty to assure that

5

1   users, like Plaintiff, did not suffer unreasonable adverse side

2   effects, such as osteonecrosis of the jaw.

3       31.   Defendants failed to exercise reasonable care in designing,

4   testing, developing, manufacturing, labeling, marketing, distributing

5   and selling Fosamax in that Defendants knew or should have known that

6   Fosamax created an unreasonable risk of osteonecrosis of the jaw.

7       32.   Defendants were negligent in designing, testing, developing,

8   manufacturing, labeling, marketing, distributing and selling Fosamax.

9       33.   As the proximate cause and result of Defendants'

10  negligence, Plaintiff was injured.

11              **FOURTH CAUSE OF ACTION**

12            **[Breach of Express Warranty]**

13      34.   Plaintiff incorporates by reference the allegations

14  contained in Paragraphs 1 through 33 of the Complaint as if they were

15  set forth here in full.

16      35.   Defendants expressly warranted, by and trough statements

17  made by Defendants or its authorized agents, that Fosamax was safe,

18  effective, and fit for its intended use.

19      36.   Plaintiff, and her agents, relied on the skill, judgment

20  and representations of Defendants.

21      37.   Fosamax did not conform to Defendants' express warranties

22  in that it was not safe and fit for its intended use because it caused

23  serious adverse side effects, including osteonecrosis of the jaw.

24      38.   As the proximate cause and result of Defendants' breach of

25  its express warranties, Plaintiff was injured.

26

27

28

6

**COMPLAINT FOR STRICT PRODUCT LIABILITY;**
**NEGLIGENCE; BREACH OF WARRANTY**

## FIFTH CAUSE OF ACTION

### [Breach of Implied Warranty]

39.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 of the Complaint as if they were set forth here in full.

40.  Defendants impliedly warranted to Plaintiff, and her agents, that Fosamax was of merchantable quality and was safe and fit for its intended use.

41.  Plaintiff, and her agents, relied on Defendants' skill and judgment.

42.  Fosamax was not of merchantable quality or safe and fit for its intended use in that it caused serious adverse side effects, including osteonecrosis of the jaw.

43.  As the proximate cause and result of Defendants' breach of its implied warranties, Plaintiff was injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUDY BENES, prays for judgment against the Defendant, MERCK & CO., INC., and DOES 1 through 100, and each of them on all causes of action as follows:

1.  For general, non-economic, damages in an amount in excess of the minimum jurisdictional limits of this Court:

2.  For medical and health care expenses and all other related and incidental expenses, according to proof;

3.  For costs of suit herein incurred, prejudgment interest; and

4.  For exemplary and punitive damages upon the Defendant, pursuant to C.C.P. Section 425.10.

7

5.    For such other and further relief as the Court deems just
and proper.

## DEMAND FOR TRIAL BY JURY:

Plaintiff herein does hereby demand a trial by jury of the within
matter.

Dated: May 25, 2009                    LAW OFFICES OF WILLIAM E. JOHNSON

                                       By: _____
                                           William E. Johnson, Esq.
                                       Attorney for Plaintiff, **JUDY BENES**

8

**COMPLAINT FOR STRICT PRODUCT LIABILITY;
NEGLIGENCE; BREACH OF WARRANTY**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>MERCK & CO., INC., and DOES 1 through 100, inclusive,<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>JUDY BENES | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br>JUN 1 7 2009<br>JOHN A. CLARKE, CLERK<br>BY J. DENHAM, DEPUTY |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court (West District)<br>1725 Main Street<br>Santa Monica, California 90401 | CASE NUMBER:<br>*(Número del Caso):*<br>**SC103593** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF WILLIAM E. JOHNSON
12400 Wilshire Boulevard, Suite 400, Los Angeles, California 90025 (310) 207-6644

| | | | |
|---|---|---|---|
| DATE: JUN 1 7 2009<br>*(Fecha)* | JOHN A. CLARKE | Clerk, by<br>*(Secretario)* J. Denham | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of
18 and not a party to the within action; my business address is 2049 Century Park East,
#2100, Los Angeles, California 90067.

4

5

On July 2, 2009, I served the foregoing document(s) described as **DEFENDANT
MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§ 1441(b)** on the interested parties in this action addressed as follows:

6

7

8

SEE ATTACHED SERVICE LIST

9

10   ☒   By placing true copies thereof enclosed in a sealed envelope(s) addressed as
         stated above.

11

12   ☐   **BY PERSONAL SERVICE (CCP §1011):**  I delivered such envelope(s) by hand
         to the addressee(s) as stated above.

13   ☒   **BY MAIL (CCP §1013(a)&(b)):**  I am readily familiar with the firm's practice of
         collection and processing correspondence for mailing with the U.S. Postal Service.
14       Under that practice such envelope(s) is deposited with the U.S. postal service on the
         same day this declaration was executed, with postage thereon fully prepaid at 2049
15       Century Park East, #2100 Los Angeles, California, in the ordinary course of
         business.

16

17   ☐   **BY OVERNIGHT DELIVERY  (CCP §1013(c)&(d)):**  I am readily familiar with
         the firm's practice of collection and processing items for delivery with Overnight
18       Delivery.  Under that practice such envelope(s) is deposited at a facility regularly
         maintained by Overnight Delivery or delivered to an authorized courier or driver
19       authorized by Overnight Delivery to receive such envelope(s), on the same day this
         declaration was executed, with delivery fees fully provided for at 2049 Century Park
         East, #2100 Los Angeles, California, in the ordinary course of business.

20

Executed on July 2, 2009 at Los Angeles, California

21

22   ☐   **(STATE)**  I declare under penalty of perjury under the laws of the State of
         California that the above is true and correct.

23   ☒   **(FEDERAL)**  I declare that I am employed in the office of a member of the Bar
         of this Court at whose direction the service was made.  I declare under penalty of
24       perjury under the laws of the United States of America that the above is true and
         correct.

25

26

27                                                    Jesse Rodriguez

28

1

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1

## ATTACHED SERVICE LIST

2

3    William E. Johnson, Esq.                     *Attorneys for Plaintiff*

     Law Offices of William E. Johnson
4    12400 Wilshire Boulevard

5    Suite 400

     Los Angeles, CA 90025
6    Tel:  310 207-6644

7    Fax:  310 207-6645

8

9

10

11

**VENABLE LLP**
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MERCK'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 4786 CAS (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I(a) PLAINTIFFS** (Check box if you are representing yourself ☐ )
JUDY BENES

**DEFENDANTS**
MERCK & CO., INC.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
WILLIAM E. JOHNSON, ESQ.
LAW OFFICES OF WILLIAM E. JOHNSON
12400 Wilshire Blvd.
Suite 400
Los Angeles, CA 90025
(310) 207 6644

Attorneys (If Known)
DOUGLAS C. EMHOFF (SBN: 151049)
JEFFREY M. TANZER (SBN: 129437)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 229 9900

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec., 1441 (B) Removal based on diversity.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☒ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☒ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY: Case Number: **CV09-04786**

CV-71 (07/05)   CIVIL COVER SHEET   Page 1 of 2

CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): <u>SEE ATTACHMENT A</u>

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides  (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Plaintiffs are citizens and reside in the states of California, Washington, Arizona, Delaware, Utah, New York, Alabama, Texas, Oregon, Nevada, Virginia, Maryland, Missouri, Illinois, Massachusetts, Michigan, New Mexico, Florida, Minnesota, North Dakota, Pennsylvania

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Merck & Co., Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of buisness in New Jersey.

**List the California County**, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Plaintiffs are citizens and reside in the states of California, Washington, Arizona, Delaware, Utah, New York, Alabama, Texas, Oregon, Nevada, Virginia, Maryland, Missouri, Illinois, Massachusetts, Michigan, New Mexico, Florida, Minnesota, North Dakota, Pennsylvania

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Jeffrey M. Tanzer_        Date <u>July __, 2009</u>

JEFFREY M. TANZER

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ATTACHMENT "A"

*Karen Johnson v. Merck & Co., Inc.*, Case No. CV 06-5378 FMC (PJWx), *Edward A. Morris, et al. v. Merck & Co., Inc. et al,*, Case No. CV 06-5587 FMC (PJWx), *Anne E. Clayton v. Merck & Co., Inc., et al.,* Case No. CV 06-6398 FMC (PJWx), *Valiente v. Merck & Co., Inc., et al.*, Case No. CV 06-7027 FMC (PJWx), *Hammond v. Merck & Co., Inc.*, Case No. CV 06-7343 FMC (PJWx), *Ferraro, et al. v. Merck & Co., et al,*, No. CV 06-7733 (FMC) (PJWx), *Demsky, et al. v. Merck & Co., et al.*, No. CV 07-2839 (FMC) (PJWx), *Bujdoso, et al., v. Merck & Co., et al.*, Case No. CV 07-3490 (FMC) (PJWx), *Finch, et al., v. Merck & Co., et al.*, Case No. CV 07-3492 (FMC) (PJWx), *Horton, et al., v. Merck & Co., et al.*, Case No. CV 07-3493 (FMC) (PJWx), *Martin, et al., v. Merck & Co., et. al.*, Case No. CV 07-3495 (FMC) (PJWx), *Cecilia Smith, et al., v. Merck & Co., et al.*, Case No. CV 07-3497 (FMC) (PJWx), *Evans, et al., v. Merck & Co., et al.*, Case No. CV 07-4136 (FMC) (PJWx), *Goss, et al., v. Merck & Co., et al.*, Case No. CV 07-4172 (FMC) (PJWx), *Vasquez, et al., v. Merck & Co., et al.*, Case No. CV 07-4326 (FMC) (PJWx), *Moyer, et al., v. Merck & Co., et al.*, Case No. CV 07-4651 (FMC) (PJWx), *Sachiko Williams v. Merck & Co., et al.*, Case No. CV 08-02218 (FMC) (AGRx), and *Giti Amiransari v. Merck & Co., Inc.*, CV08-04589 GW (RCx).

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

5

6

On July 2, 2009, I served the foregoing document(s) described as **CIVIL CASE COVER SHEET** on the interested parties in this action addressed as follows:

7

SEE ATTACHED SERVICE LIST

8

9

10

☒      By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

11

☐ **BY PERSONAL SERVICE (CCP §1011)**:  I delivered such envelope(s) by hand to the addressee(s) as stated above.

12

13

14

15

☒ **BY MAIL (CCP §1013(a)&(b))**:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

16

17

18

19

☐ **BY OVERNIGHT DELIVERY  (CCP §1013(c)&(d))**:  I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery.  Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

20

Executed on July 2, 2009 at Los Angeles, California

21

☐      **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

24

☒      **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

25

26

27

Jesse Rodriguez

28

1

MERCK'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

# ATTACHED SERVICE LIST

William E. Johnson, Esq.                    *Attorneys for Plaintiff*
Law Offices of William E. Johnson
12400 Wilshire Boulevard
Suite 400
Los Angeles, CA 90025
Tel:  310 207-6644
Fax:  310 207-6645

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

MERCK'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND